MR. JUSTICE WEBER
respectfully concurs and dissents
as follows:
I concur in the conclusions of the majority opinion with regard to the tape recording and the forfeiture of the defendant’s van. I respectfully dissent from the conclusion on the part of the majority that the private out-of-court con *256 tact affected the defendant’s substantial right to due process during his sentencing and therefore constituted a basis for remanding for resentencing.
The majority cites several Montana cases as authority for the conclusion that a sentencing judge cannot sentence on the basis of private, out-of-court information, communications or investigation. The majority does not distinguish between the various cases and the statutes which have been substantially changed over the years.
As pointed out by this Court in State v. Orsborn (1976), 170 Mont. 480, 555 P.2d 509, in Kuhl this Court was required to follow the provisions of sections 94-7813 and 7814 R.C.M.1947 which in substance provided that no affidavit, testimony or representation could be received by the court in aggravation or mitigation of punishment unless these matters had been presented “by the testimony of witnesses examined in open court.” This Court concluded that the district judge therefore could not consider reports from the police department, sheriff’s records, or other sources because they had not been presented by the testimony of witnesses in open court. However, that rule no longer is appropriate. As pointed out in Orsborn, subsequent to Kuhl these statutory provisions were repealed. The provisions in effect under Orsborn were sections 95-2203, 2204 and 2205, R.C.M.1947 (now sections 46-18-111, 112, and 113, MCA). The statutes disclose a distinct change in policy. Section 46-18-113, MCA, in pertinent part states:
“The judge may, in his discretion, make the investigative report or parts of it available to the defendants or others, while concealing the identity of persons who provided confidential information. If the court discloses the identity of persons who provided information, the judge may, in his discretion, allow the defendant to cross-examine those who rendered the information.” (Emphasis added)
Under the old statutes as interpreted in Kuhl, testimony was required by witnesses in open court which guaranteed the right of cross-examination as to all elements of evidence *257 received in either aggravation or mitigation of punishment. In contrast, as enacted in 1967, the present law gives the district judge the discretion to refuse to make the investigative report available and to conceal or disclose identity of persons providing confidential information. In addition, section 46-18-113, MCA, provides that the judge may, in his discretion, allow cross-examination by the defendant if the court has disclosed the identity of persons who provided information. There is no specific right of cross-examination under other circumstances.
In making a similar analysis, this Court in Orsborn referred to Kuhl and stated:
“However, this does not mean that the spirit of Kuhl is dead. A convicted defendant still has a due process guarantee against a sentence predicated on misinformation. The real question before us is whether defendant received that protection.”
The court then concluded in Orsborn that the defendant was represented by counsel, had the opportunity to rebut the information and chose to affirm the information, and thus any danger of utilizing this information in sentencing was averted.. I would apply the Orsborn test to the present case.
Here there initially was an anonymous call from a person speaking favorably of the defendant. Thereafter the trial judge called a university professor of his acquaintance. The details of that telephone conversation with the university professor were disclosed by the trial judge in open court. Following that disclosure, the counsel for defendant had ample opportunity to question the judge and to present any explanatory information which he deemed to be advisable. Note that the information obtained by the judge was not actually significant. At most, as pointed out in the majority opinion, the information may have triggered questions about the defendant’s trip to Mexico. While such questions may have been triggered, no misinformation or prejudicial information is shown to have been obtained. As stated in *258 Orsborn, the convicted defendant has a due process guarantee against a sentence predicated on misinformation. No misinformation has been shown here.
I agree with the conclusion of the majority that the proper course is for a sentencing judge to delegate investigation responsibilities to others. Even the trial judge here admitted that his single phone call may have been inadvisable.
The majority has concluded that the private out-of-court telephone contact affected defendant’s substantial right to due process during the sentencing. I am unable to see how that conclusion is substantiated by the facts.
I believe the majority is setting up a rule which is not consistent with the procedure provided by the legislature in section 46-18-113, MCA, where the judge may choose not to disclose parts of an investigation report to the defendant and may also choose not to allow cross-examination.
I would hold here that no misinformation was received and that in fact no information prejudicial to the defendant was presented by the telephone call and that the due process guarantee described in Orsborn was afforded the defendant. I would affirm the District Court.